IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUBNA HIZOUNI, et al.,<br><br>    Plaintiffs,<br><br>    *v.*<br><br>PROGRESSIVE ADVANCED INSURANCE COMPANY,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 24-2487-KSM |

<u>MEMORANDUM</u>

**MARSTON, J.**                                         December 13, 2024

      Precluding key evidence is an extreme discovery sanction often reserved for deliberate or egregious misconduct. Here, Plaintiffs Loubna Hizouni and Tarik Zouarhi argue that the Court should preclude the report and testimony of Defendant Progressive Advanced Insurance Company's ("Progressive") medical expert because the expert made an audio recording of his physical examination of Ms. Hizouni. (Doc. No. 28.) Because this conduct falls well short of the standard to preclude critical evidence, the Court denies Plaintiffs' motion.

    **I.**    **Background**

      On October 22, 2024, Dr. James Weis conducted the defense medical examination of Plaintiff Loubna Hizouni. (Doc. No. 28 at 1.) Ms. Hizouni attended the medical examination with a nurse observer. (Doc. No. 30-1 at 1.) Because Ms. Hizouni brought a nurse observer to her examination, Dr. Weis asked Ms. Hizouni if she would consent to him making an audio recording of it. (*Id.*) She consented, and her nurse observer did not object. (*Id.* at 1–2.)

      The day after the examination, Plaintiffs' counsel learned of the audio recording and emailed defense counsel to get a copy of it. (Doc. No. 28 at 1–2.) Defense counsel turned over

the recording to Plaintiffs' counsel one week later. (*Id.* at 2.) Dr. Weis swore in an affidavit that he "did not review or listen to the recording since the exam took place" and did not use it to prepare his expert report. (Doc. No. 30-1 at 2.)

## II. Discussion

Plaintiffs now move to preclude Dr. Weis's expert report and testimony. (Doc. No. 28.) Plaintiffs argue that the audio recording is improper for several reasons: (1) Dr. Weis did not get court approval to record the exam; (2) he did not ask the Court or counsel for consent but asked Ms. Hizouni directly; (3) Defendant failed to provide any prior notice that the exam would be audio recorded; and (4) recording the defense exam allegedly was unlawful. (*Id.* at 1.) Plaintiffs also accuse Defendant of conducting a de facto deposition of Ms. Hizouni, and they accuse Dr. Weis of acting as Defendant's agent to get impeachment material. (*Id.* at 2.) Because of Dr. Weis's "incurable" misconduct, Plaintiffs ask the Court to preclude his testimony and expert report. (Doc. No. 28-2 at 1.)

Defendant responds in three ways. First, it says that Dr. Weis recording the exam was not unlawful. (Doc. No. 30 at 14.) Next, Defendant distances itself from Dr. Weis's decision, arguing that Dr. Weis recorded the exam on his own initiative and that Dr. Weis was not an agent, representative, or affiliate of Defendant. (*Id.* at 15.) Last, Defendant claims no-harm, no-foul because it has turned over the audio recording to Plaintiffs, Dr. Weis did not use the audio recording to prepare his report, and he has not listened to it since the examination. (*Id.* at 16.) The Court addresses Plaintiffs' arguments and Defendant's counterarguments below.

To start, Federal Rule of Civil Procedure 35, which governs physical examinations, is silent "as to the . . . recording of the examination." *Cato v. Township of Andover*, No. CV164605SDWLDW, 2018 WL 1639692, at *2 (D.N.J. Apr. 5, 2018). Because Rule 35 is

silent on this issue, courts have "discretion to decide whether [an audio recording] is a proper condition of the examination." *Id.* (internal quotations omitted). "Given the lack of defined restrictions in this area," *Nicholas v. Wyndham Int'l, Inc.*, 218 F.R.D. 122, 124 (D.V.I. 2003), the Court is hard pressed to see how this audio recording was so egregious that it calls for the total exclusion of Dr. Weis's testimony and report at trial. *See Exxon Corp. v. Halcon Shipping Co.*, 156 F.R.D. 589, 591 (D.N.J. 1994) ("[T]he exclusion of expert witness testimony is a drastic sanction."); *see also Quinn v. Consol. Freightways Corp. of Delaware,* 283 F.3d 572, 576 (3d Cir. 2002) ("The exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." (cleaned up)). Plus, Ms. Hizouni consented to the audio recording, the nurse observer who was present with her did not object,[1] and Dr. Weis swore that he did not use the recording to write his report.

To be sure, Plaintiffs cite several cases where a court has refused to permit a party to record a Rule 35 examination. (*See* Doc. No. 28 at 3–5.) But these cases do not help Plaintiffs here. For one, most of these cases dealt with a psychological examination, whereas Dr. Weis conducted a physical examination. *See, e.g.*, *Bell v. Pa. Dep't of Corr.*, No. 2:22-CV-01516-CBB, 2024 WL 3652858, at *4 (W.D. Pa. Aug. 5, 2024) (denying a party's request to record a mental examination); *Nicholas*, 218 F.R.D. at 124 (prohibiting a party from making a video recording of a psychological examination). And the one case that addressed both a physical and psychological examination allowed an audio recording of the physical examination, but not the psychological one. *See Smith v. HCSC-Blood Ctr., Inc.*, No. CV 09-220, 2010 WL 11474404, at

---

[1] The nurse observer could have reached out to Plaintiffs' counsel to notify them of the recording before Ms. Hizouni went forward with the exam. Indeed, Plaintiffs' counsel hired IME Partner, LLC to ensure that a nurse observer was present at the exam.

3

\*1 (E.D. Pa. May 18, 2010) (permitting an audio recording "of the [independent medical examinations], excluding the portion which encompasses psychological testing"). For another, these cases suggest that even if Dr. Weis had acted improperly, Plaintiffs did too. Without first seeking permission from this Court, a nurse observer attended the Rule 35 examination with Ms. Hizouni. However, the "majority rule adopted by federal courts, including those in the Third Circuit, is that the court may, and often should, exclude third-party observers" from Rule 35 examinations. *Bell*, 2024 WL 3652858, at \*4 (internal quotations omitted). Plus, in this context, courts have treated third-party observers and recordings the same because both interject "an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry." *Id.* (internal quotations omitted). In other words, Plaintiffs have thrown stones from a glass house, accusing Dr. Weis of "reprehensible" conduct while engaging in substantially the same conduct. (Doc. No. 28 at 5.)

At the motion hearing, Plaintiffs insisted that their conduct was proper because Pennsylvania Rule of Civil Procedure 4010 gives the person being examined the right to have "counsel or other representative present during the examination." Pa. R. Civ. P. 4010(a)(4)(i). Though some courts in this Circuit have looked to this Rule for "guidance," *Gensbauer v. May Dep't Stores Co.*, 184 F.R.D. 552, 553 (E.D. Pa. 1999), several others "have declined to follow [it] in favor of the prevailing federal practice under Rule 35 of excluding third party observers," *Bell*, 2024 WL 3652858, at \*2 (citing *Smolko v. Unimark v. Lowboy Trans.*, LLC, 327 F.R.D. 59, 63 (M.D. Pa. 2018); *King v. Mansfield Univ. of Pa.*, No. 1:11-CV-1112, 2014 WL 563323, at \*3 n.1 (M.D. Pa. Feb. 11, 2014); *M.S. v. Cedar Bridge Acad.*, No. 1:08-CV-2271, 2011 WL 1838885, at \*4 (M.D. Pa. May 13, 2011)). Courts have declined to follow Pennsylvania Rule 4010 because it "is not an outcome-determinative rule of substance which binds this court.

4

Rather, it is simply a procedural preference expressed by the state courts which does not control our exercise of discretion under Rule 35 of the Federal Rules of Civil Procedure." *Smolko*, 327 F.R.D. at 63.  Because Plaintiffs did not have an automatic right to have a nurse observer attend the Rule 35 examination, Plaintiffs should have first sought permission from this Court to do so. Since they did not, the Court finds their conduct as equally culpable as Dr. Weis's.

Nor is the Court persuaded by Plaintiffs' remaining accusations that Dr. Weis turned the examination into a de facto deposition and was acting as Defendant's agent.  First, recording devices, if allowed, combat the risk of examinations becoming de facto depositions.  *See, e.g.*, *Brewer v. Norfolk S. Ry. Co.*, No. 4:21-CV-241-MLB, 2023 WL 1529382, at *2 (N.D. Ga. Feb. 3, 2023) ("A recording will ensure an accurate, dispute-free version of what happened at the examination, allowing the parties and the Court to focus on the *significance* of what was said rather than *whether* something was said at all.").  So, absent any charge that Dr. Weis asked improper questions, the Court is unpersuaded that simply recording the exam, without more, transformed it into a de facto deposition.  Second, the Court rejects Plaintiffs' argument that Dr. Weis acted as Defendant's agent to get impeachment material against Ms. Hizouni.  Dr. Weis made the recording on his own initiative and without consulting Defendant.  (Doc. No. 30-1 at 2.)

Even if Dr. Weis's conduct were improper, the Court would still find that the extreme sanction of exclusion is not warranted here.  To make this call, courts consider five factors: "(1) the prejudice or surprise in fact of the party against whom the evidence would have been presented; (2) the ability of that party to cure the prejudice; (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; (4) bad faith or willfulness in failing to comply with the court's order, and (5)

5

the importance of the excluded evidence." *LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022).

Three factors tip the scales decisively against excluding Dr. Weis's expert report and testimony. First, although Plaintiffs argue that the recording will undermine their trial strategy, the Court discerns little, if any, prejudice to Plaintiffs from having "an accurate, dispute-free version of what happened at the examination." *Brewer*, 2023 WL 1529382, at *2. Indeed, this recording will let "the parties . . . focus on the *significance* of what was said rather than *whether* something was said at all." *Id.* Second, the Court finds that Defendant did not act in bad faith because it did not explicitly violate an order from this Court or a Federal Rule of Civil Procedure. *See Cato*, 2018 WL 1639692, at *2 (explaining that Rule 35 is "silent as to the . . . recording of the examination"). Third, Dr. Weis's expert report and testimony are critical evidence in this case. True, two factors weigh slightly in Plaintiffs' favor—that the hypothetical prejudice is not curable and that the case could still go to trial. *See McGoveran v. Amazon Web Servs., Inc.*, No. 1:20-CV-01399-SB, 2024 WL 4626253, at *2 (D. Del. Oct. 30, 2024) (Bibas, J.). On balance, however, the Court finds that excluding Dr. Weis's expert report and testimony is not warranted, especially because these are key pieces of evidence, and "the importance of the evidence is often the most significant" consideration in deciding whether to exclude evidence. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012).

In addition to these factors, several facts also indicate that no sanction is warranted here. First, both parties now have access to the audio recording. (Doc. No. 28 at 2.) Second, Ms. Hizouni consented to Dr. Weis recording the examination, and her nurse observer did not object. (Doc. No. 30-1 at 1–2.) Third, Dr. Weis did not use the audio recording to write his report, nor has he listened to the recording since the examination. (*Id.* at 2.) Fourth, even if Dr. Weis did

6

violate the "majority rule" against making audio recordings of Rule 35 examinations, Plaintiffs violated the "majority rule" too because a nurse observer attended the examination with Ms. Hizouni without permission from the Court. *See Cato*, 2018 WL 1639692 at *3 ("[T]he majority rule in federal courts throughout this nation is to exclude outside observers from Rule 35 examinations." (internal quotations omitted)). Last, there is no evidence of extreme neglect or bad faith, and preclusion is clearly disproportionate to Dr. Weis's alleged misconduct. The Court thus declines to preclude Dr. Weis's expert testimony and report.[2] *See ABB Air Preheater, Inc. v. Regenerative Env't Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996) ("The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony." (internal quotations omitted)); *Mid-Atl. Constructors Inc. v. Stone & Webster Const., Inc.*, 231 F.R.D. 465, 467 (E.D. Pa. 2005) ("Sanctions must, of course, be proportionate to the violation.").

### III.    Conclusion

The Court can discern little, if any, prejudice to Plaintiffs from admitting Dr. Weis's report and testimony. Indeed, Plaintiffs first interjected "an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry" by bringing a third-party observer to the Rule 35 examination without permission from the Court. *Bell*, 2024 WL 3652858, at *4 (internal quotations omitted). So, the Court denies Plaintiff's motion to preclude Dr. Weis's testimony and report. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792–93 (3d Cir. 1994) (holding that the district court abused its discretion in excluding expert evidence where prejudice to the other party was "extremely minimal"); *Quinn*, 283 F.3d at 576 (excluding "critical evidence is an

---

[2] Under Federal Rule of Evidence 403, the Court finds that the probative value of Dr. Weis's report and testimony substantially outweighs any "unfair prejudice" that Plaintiffs might have suffered. Fed. R. Evid. 403. If Plaintiffs wish to challenge specific parts of the audio recording, they may make a motion *in limine* at the appropriate time.

extreme sanction" (cleaned up)).  An appropriate order follows.