IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUBNA HIZOUNI : <br> : <br> Plaintiff : <br> v. : CIVIL ACTION <br> : No.: 24-CV-02487 <br> PROGRESSIVE ADVANCED : <br> INSURANCE COMPANY : <br> : <br> Defendant : <br> : | |

# **MEMORANDUM OPINION**

Plaintiff, Loubna Hizouni, is the prevailing party following a jury trial in an uninsured motorist case. Before this Court is Plaintiff's Bill of Costs for certain costs associated with litigation. (Dkt. #111). Defendant, Progressive, has filed objections to the Bill of Costs, seeking denial of the award of specific costs requested by Plaintiff. (Dkt. #112). For the following reasons, Defendant's objections are sustained in part, Plaintiff's requested taxable costs will be reduced by $13,935.42, and this Court will permit Plaintiff to recover costs in the amount of $6,515.53.

This matter arises from a motor vehicle accident between Plaintiff and Tortfeasor, Kristy Moore. Tortfeasor was an uninsured motorist. As a result of the accident, Plaintiff suffered severe injuries. Plaintiff initiated this action against her insurance company, Defendant, based on her policy's uninsured motorist benefit. In preparation for trial, Plaintiff ordered several exhibits illustrating the injuries sustained by Plaintiff as well as current and future medical treatments. After prevailing at trial, Plaintiff petitioned this Court for costs associated with the

1

litigation under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. This court now considers that request, along with Defendant's objections.

Defendant argues that the Court should not award exemplification fees under 28 U.S.C. § 1920. The Federal Rules of Civil Procedure permit a prevailing party to recover costs associated with litigation "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Under § 1920, "[a] judge or clerk of any court of the United States may tax as costs . . . [f]ees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

The Third Circuit has yet to define "exemplification" in the context of § 1920(4). However, in *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, the Third Circuit recognized two prevailing definitions applied in other circuits. 674 F.3d 158, 165–66 (3d Cir. 2012). The panel in *Race Tires* cited to the Federal Circuit's "narrow legal definition" of "an official transcript of a public record, authenticated as a true copy for the use as evidence." *Id.* (*quoting Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1361 (Fed. Cir. 2002)). The panel also recognized the Seventh Circuit's broader definition as "the act of illustration by example . . . broad enough to include a wide variety of exhibits and demonstrative aids." *Id.* (*quoting Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000)). The Seventh Circuit's definition permits fee awards for exemplification "[s]o long as the means of presentation furthers the illustrative purpose of an exhibit." *Cefalu*, 211 F.3d at 428.

This Court finds the Seventh Circuit's definition more persuasive and consistent with rulings from district courts within the Third Circuit. Here, Defendant objects to the $13,435.50 in fees for the creation of six exhibits including design, enlargement, mounting, and lamination by Medivisuals and $1,913[1] in fees for the creation of a poster by The Camera Shop. (Dkt. #112 at 1–2). Defendant asserts that when costs arise from "intellectual efforts involved in creating or designing [exhibits]," such costs are not recoverable. *Id.* This Court agrees.

Plaintiff's exhibits prepared by Medivisuals were illustrative in nature, but still do not qualify as exemplification using the Seventh Circuit's definition. In *Warner Chilcott Lab'ys Ireland Ltd. v. Impax Lab'ys, Inc.*, the district court adopted the Seventh Circuit's definition of exemplification but denied awards for costs incurred for the "intellectual effort that precedes the actual physical preparation of demonstratives." No. CIV.A. 08-6304 WJM, 2013 WL 1876441 at *16 (D.N.J. Apr. 18, 2013). Intellectual effort is required to design exhibits and can be distinguished from the physical preparation of the exhibits.

Consistent with previous rulings in our district, "[i]nterpreting 'exemplification' broadly to permit recovery for designing demonstratives would be incongruous." *In re Processed Egg Prods. Antitrust Litig.*, 610 F. Supp. 3d 697, 702 (E.D. Pa. 2022). This Court concludes that "further[ing] the illustrative purpose" in

---

[1]  Plaintiff's Bill of Costs includes fees from "The Camera Shop" totaling $2,464.92. (Dkt. #111 at 4). However, the attached invoice does not reflect the full amount listed. (*See id.* at 35). This Court recognizes a separate attached check for $551.62 vaguely suggesting payment for "Hizouni Exhibits," but the Court is unable to properly discern what this amount is for, and which services were provided. (*See Id.* at 33). Therefore, the Court will not consider the additional $551.62 cost.

3

this context relates to the work done *after* an exhibit's creation, including enlarging, mounting, and laminating.

Other jurisdictions have declined to award costs for "design services" used to prepare exhibits as "such services are intellectual efforts." *IMRA America, Inc. v. IPG Photonics Corp.*, No. 06-15139, 2012 WL 6553523 at *5 (E.D. Mich. Dec. 14, 2012). Documents produced for litigation will inherently contain "somebody's intellectual input, be it a lawyer, an expert or a lay witness." *Warner Chilcott Lab'ys Ireland Ltd. v. Impax Lab'ys, Inc.*, No. CIV.A. 08-6304 WJM, 2013 WL 1876441 (D.N.J. April. 18, 2013) (*quoting Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989), *overruled in part on other grounds by Towsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1991) (*en banc*)). Accordingly, this Court finds most of Plaintiff's costs for Medivisuals outside the scope of § 1920 taxable costs. This Court will award $1,550 for the enlargement, mounting, and lamination of the these exhibits and the included portfolio case.

This, however, is not the end of the inquiry. To qualify for taxation under §1920, exemplification must be "reasonably necessary to the presentation of one's case to the court." *Cefalu*, 211 F.3d at 429. Further, although there is a presumption in favor of awarding costs to the prevailing party, this Court retains the discretion to direct otherwise, especially when said costs are unreasonable. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987); *see also SCA Servs., Inc. v. Lucky Stores*, 599 F.2d 178, 180 (7th Cir. 1979);

*but see Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) ("[T]he court must award costs unless it states good reasons for denying them.").

This Court finds the $1,913 Camera Shop fee for the creation and mounting of a single poster not reasonably necessary to the presentation of Plaintiff's case. (*See* Dkt. #111 at 35). This expense includes a $790 for "quick posters" presumably for the creation of the poster, $415 for mounting/matting, and a $600 fee for priority service[2]. This trial commenced with jury selection on May 16, 2025. This trial date was scheduled on March 5, 2025. Plaintiff had almost three months to prepare for trial. (*Id.*) The poster at issue was ordered two weeks prior to the start of trial. Plaintiff presents no explanation for the excessive cost of a single poster, nor a circumstance that would justify payment for a priority service fee. Further, the "mounting/matting" fee is higher than the cost for comparable services done by Medivisuals. (*Id.*) As addressed previously, this Court will only tax Defendant for the reasonable physical preparation of demonstratives as exemplification fees. As such, the Court awards Plaintiff $250 in costs for the creation of this poster—equal to the exemplification fees for the Medivisual exhibits. [3]

---

[2]    It is unclear if the priority service is for shipping or a fee for expedited production.

[3]    This Court also notes that Plaintiff seeks an award of $3,100.50 for costs associated with, among the other exhibits created by Medivisuals, the creation of annotated "calendars." (Dkt. #111 at 39). While the Court already finds that the fees are not applicable exemplification fees under its "intellectual input" analysis, the Court also agrees with Defendant's argument that such exhibits could have easily been prepared by a paralegal, constitute operational overhead, and are certainly not a reasonable expense. This Court cannot think of any reason that would justify spending $3,100.50 on the creation of calendars, which is almost twice the amount of any exhibit created by Medivisuals. For this reason, separately, the Court holds Plaintiff is not entitled to an award for the $3,100.50.

For the reasons set forth above, Defendant's objections to Plaintiff's Bill of Costs is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiff will be awarded costs in the amount of $6,515.53. An appropriate order follows.

DATED: October 24, 2025                    BY THE COURT:

_____
GAIL WEILHEIMER          J.